## The People ex rel. VAN VALKENBURGH vs. SAGE, MESICK & SMITH, Commissioners of Highways, &c.

A commissioner of highways elect, cannot be substituted as successor in office to proceedings had against his predecessor by mandamus. - The former commissioners having made a return to the writ of mandamus, which had been pleaded to by the relator.

A proceeding by mandamus against certain officers, is not such an *action* as is contemplated in the Revised Statutes, (2 R. S., 474,) where the court is required to substitute the name of the successors in office, upon the application of such successors, or of the adverse party.

In December, 1845, an alternative mandamus was issued and served upon the Defendants, commanding them to do certain things specified in

the writ, in relation to the alteration of a highway in the town of Scho-dack, or show cause, &c. To this writ the Defendants, Sage & Mesick, in March, 1846, made a return, in which the other Defendant, Smith, re-fused to join. The relator pleaded to the return, taking issue upon some of the facts stated therein. In the spring of 1846, John Mynderse and George W. Stewart were elected commissioners in the place of Sage & Smith, and in May, 1847, Barent J. Van Hoesen was elected in the place of Stewart. The issue upon the return was noticed for trial at the Rensselaer circuit. Van Hoesen now moves to have his name sub-stituted as a Defendant, in the place of Sage.

J. H. REYNOLDS, *for Defts.*

S. STEVENS, *for Relator.*

HARRIS, Justice.—It is provided by the Revised Statutes, (2 R. S. 474, § 96,) that actions against certain officers, and among others, com-missioners of highways, shall be brought against such officers individu-ally, specifying their name of office; and in a subsequent section it is further provided, that in case of the expiration of the term of office of such officers, the court in which any such action shall be pending, shall substitute the name of the successors in such office, upon the application of such successors, or of the adverse party. The motion is founded upon this provision of the statute. The relator resists the motion, upon the ground that the proceeding by mandamus is not such an action as is contemplated in the statute referred to, and upon the further ground that if this be such an action, the motion should be to substitute all the present commissioners in the place of those on whom the writ was served, and not one merely.

Is the proceeding by mandamus to be regarded as *an action?* If it is the statute is imperative that the names of the successors to the Defend-ants shall upon the application of such successors be substituted. The term "action" means a legal demand of one's right, or as it has been defined, it is "the right of prosecuting to judgment for what is due to one's self." The party complaining commences his action in his own name, and as a matter of right; but the writ of mandamus is only issued in the name of the people. It may be granted or withheld in the discretion of the court. Before a party is entitled to have it granted, he must show not only that he has a specific legal right to have the thing asked for done, but also that he is without a specific legal remedy. The object of the writ is to prevent a failure of justice, and it is the want of any other legal remedy to enforce a duty that gives the court juris-diction to grant the writ. If any effectual relief can be obtained by an

8

action at law, this writ is never granted.   The issuing of such a writ, though it is indeed an important civil remedy, cannot, I think, in any proper sense, be regarded as the commencement of an action.

In case of a false return to the writ, the complaining party had no remedy at common law, but to bring an action on the case against the party making such return.   If in such an action he proved the return to be false, he was entitled to recover damages equivalent to the injury sustained, and upon showing a verdict in his favor in such an action was also entitled to a peremptory mandamus.

But now it is provided by statute, (2 R. S. 586, § 55,) that "whenever a return shall be made to any such writ, the person prosecuting such writ may demur or plead to all or any of the material facts contained in the said return, and *the like proceedings shall be had therein for the determination thereof, as might have been had if the person prosecuting such writ had brought his action on the case for a false return;*" and if judgment be given for the person prosecuting such writ, he shall recover damages and costs in like manner, as he might have done in an action on the case.   The effect of this provision is, it is true, at least from the time a plea is interposed, taking issue upon the return, to impart to the proceedings the nature of, and very closely to assimilate them to, an action at law.   But at the same time that the proceeding takes the character of an action at law, it also, in effect, becomes a suit between individuals—between the prosecutor as Plaintiff, and the persons making the return as Defendants.   The same proceedings are to be had after a plea to the return as would have been had if an action had been brought for a false return, and the successful party recovers the same judgment as he would have recovered in such an action.   Suppose in this case that the relator instead of pleading to the return, had brought, as he might have done, an action on the case against the two Defendants who made the return, for a false return.   It would hardly be pretended that the statute requiring, upon proper application made, that the successors in office of the Defendants should be substituted as parties in their place, would be applicable to such a case; and yet it has been seen that the statute gives the same effect to the proceedings upon the plea to the return, as if an action for a false return had been brought.   I am clearly of opinion that this proceeding is not within the class of actions contemplated by the statute upon which the applicant relies to sustain this motion.

Having come to this conclusion, I have not thought it necessary to examine at length the other position taken by the counsel for the relator, in opposition to this motion, but I think this objection would also be fatal to

the motion. If the applicant has the right to have this motion granted, substituting himself as Defendant in the place of Sage, Mynderse has the right to make another motion, to be substituted in place of Smith, whose term has also expired; and upon another election each of the new commissioners would have the right to make a separate motion, to be substituted as Defendant, in place of one of those whom he had succeeded in office. This could never have been intended by the statute. Its language is, "the court shall substitute the names of the successors in such office, upon the application of such successors, or of the adverse party. It evidently contemplates one application for the substitution of all the successors, in place of all whose term has expired. The motion must be denied with costs.